IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-538-BO

STEVEN CONWAY, LORI CONWAY,  )
LORCON, LLC #1, and LORCON, LLC #4,)
  )
            Appellants,  )
  )
v.  )           O R D E R
  )
JOHN JEROME PALCZUK and KAREN  )
ELIZABETH PALCZUK,  )
  )
            Appellees.  )

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

This cause comes before the Court on appellees' motion to dismiss the appeal. The motion is ripe for review, and, for the reasons stated below, appellees' motion is granted. The parties' joint motion to stay appeal and defendant's motion for extension of time to file appellees' brief are also on the docket.

BACKGROUND

On October 8, 2020, appellants, codebtors in the underlying bankruptcy action, filed a notice of appeal of an order of the bankruptcy court entering summary judgment in favor of the appellees. [DE 1]. Appellees move to dismiss this appeal for lack of jurisdiction, arguing that the bankruptcy court's order is interlocutory and that this Court does not have jurisdiction over the appeal. Appellants filed objections in response to appellees' motion to dismiss arguing that the order is not interlocutory because it resolves both issues before the bankruptcy court. The parties subsequently filed a joint motion to stay the appeal, and appellees filed a motion for extension of time to file appellees' brief.

## DISCUSSION

Appellee has moved to dismiss the appeal for lack of jurisdiction. This Court has jurisdiction over appeals from final judgments or orders and certain interlocutory orders entered by the bankruptcy court. 28 U.S.C. § 158. An order that grants partial summary judgment limited to the issue of liability, without assessing damages or awarding other relief, is an interlocutory order. *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976). Similarly, an order dismissing one claim, but leaving other outstanding, is an interlocutory order. *Baird v. Palmer*, 114 F.3d 39, 42 (4th Cir. 1997); *Bayview Loan Servicing, LLC v. Locklear*, 736 Fed. App'x 405, 405 (per curiam) (unpublished).

Here, the bankruptcy court's order is interlocutory, and this Court does not have jurisdiction. The bankruptcy court explicitly ruled in favor of appellees on both claims, but it refrained from "mak[ing] a determination as to the nature and extent of the damages and/or sanctions to be awarded in connection with [appellees'] second claim." [DE 6, p. 24]. Instead, it directed appellees to file a bill of particulars regarding the damages issue. *Id.* Therefore, since the bankruptcy court's order only addressed the issue of liability on the second claim, the order is interlocutory, and the appeal must be dismissed for lack of jurisdiction.

Appellees argue in their objections that this case is actually most similar to *Ritzen Grp., Inc. v. Jackson Masonry, LLC*. 140 S. Ct. 582 (2020). In that case, the Supreme Court determined that "a motion for an order 'terminating, modifying, or conditioning' the stay" that automatically halts efforts to collect pre-petition debts from the bankrupt debtor outside the bankruptcy forum is a final, immediately, appealable decision. *Id.* at 589. In such stay-relief motions, a creditor may seek relief from the automatic stay. *Id.* However, this is not the case here. The bankruptcy court was asked to determine if actions taken by appellants violated the

automatic stay. It concluded that appellants initiated and engaged in litigation against plaintiffs in violation of the discharge injunction. Although the bankruptcy court determined the applicability and extent of the discharge in this case, it was not a stay-relief motion asking the court to terminate, annul, modify, or condition the stay.

CONCLUSION

Accordingly, appellees' motion to dismiss the appeal is GRANTED [DE 6] and the appeal is DISMISSED. The parties' joint motion to stay the appeal [DE 20] and appellees' motion for extension of time to file appellees' brief [DE 22] are DISMISSED as MOOT. The Clerk is DIRECTED to close the case.

SO ORDERED, this 21 day of January, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE